IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | : | MDL 1586 |
| | : | |
| In re Aim, Artisan, Invesco, Strong, T. Rowe Price | : | Case No. 04-MD-15864 |
| | : | |
| [Strong Sub-Track] | : | Nos. 04-523; 04-943 |

...o0o...

# **MEMORANDUM**

This will address the motions to dismiss (omnibus and supplemental) pending in the Strong sub-track. The motions are addressed to the Consolidated Amended Class Action Complaint in 04-943 filed September 30, 2004 (docket entry no. 211 in 04-md-15864) and the Consolidated Amended Fund Derivative Complaint in 04-523 filed September 30, 2004 and amended by interlineation February 22, 2005 (docket entries no. 212 and 422 in 04-md-15864).

Named as defendants in the class action complaint are the "Strong Defendants," including SFC, the Advisor Defendants, SII, the Registrants, SIS, and the Director Defendants; the "Market Timing Defendants," including Canary, Kaplan, Trautman, Pritchard, Aurum, individual employees of Brean Murray, and Prudential; and the "Clearing Defendants," including Bank of America, Bear Stearns, and STC. Named as defendants in the fund derivative complaint are the "Strong Defendants," including SFC, SCM, SIS, and SII; the "Officer Defendants;" the "Director Defendants;" the "Timer Defendants," including Aurum, Bank of America, Canary, Pritchard, and Trautman; and the funds as "nominal defendants."

Having independently reviewed the Investor Class Opinion and the Fund Derivative Opinion issued by Judge Motz on August 25, 2005 in No. 04-md-15863, I agree with his reasoning. Accordingly, for the reasons stated in those opinions, the following rulings are made.

Class Complaint

Counts I, II, and III alleging violations of Sections 11, 12, and 15 of the 1933 Securities Act are **Dismissed** as to all defendants.

Counts IV and V alleging violations of Section 10(b) and Rule 10b-5 of the 1934 Exchange Act are **Dismissed** as to defendant Prudential.  The motions to dismiss are **Denied** as to the Strong Defendants, other than the five Independent Directors, as to whom ruling is **Deferred**; **Denied** as to the Bank of America, Bear Stearns, and STC; and **Stayed** as to Canary.  The motions to dismiss are **Granted** as to Aurum, Brean Murray employees, Kaplan, Pritchard, and Trautman, but with leave to amend in 30 days.  I note that the allegations in the class action complaint are not as specific or extensive as in other complaints in alleging facts that would show these defendants' direct participation in a manipulative or deceptive scheme, including late trading.  Compare Consolidated Amended Complaint in 04-943 at ¶¶ 57-59, 107, 124 with, e.g., Consolidated Amended Fund Derivative Complaint in 04-523 at ¶¶ 99-100 and in 04-1288 at ¶¶ 109, 114-121.

The motion to dismiss Count VI alleging violations of Section 20 of the 1934 Exchange Act is **Denied**, except as to the Independent Directors, as to whom a ruling is **Deferred**.

Counts VII and VIII alleging violations of Sections 34(b) and 36(a) of the Investment Company Act are **Dismissed**.

The motion to dismiss Count IX alleging violations of Section 36(b) of the ICA is **Denied without prejudice** subject to later determination whether the 36(b) claim may be brought in the class action or only in the fund derivative action, and subject to later determination as to the Independent Directors.

The motion to dismiss Count X alleging violations of Section 48(a) of the ICA is granted as to Section 34(b) and 36(a) and **Denied without prejudice** as to Section 36(b).

All state law claims (Counts XI - XIII) are **Dismissed** against all defendants on the basis of preemption under SLUSA with leave to amend consistent with the Investor Class opinion.

Fund Derivative Complaint

The motions to dismiss Count I alleging violations of Section 36(b) of the ICA and Count V alleging violations of Section 48(a) of the ICA (as it relates to Section 36(b)) are **Denied**.

Counts II, III, and IV (Section 36(a) and 47 of the ICA, and Sections 206 and 215 of the IAA) and Count V (except as it relates to Section 36(b)) are **Dismissed**.

All state law claims (Counts VI - XIII) are **Dismissed** as to all defendants for failure to make demand as required by applicable state law.

The parties shall submit appropriate Orders implementing these rulings and advising of any non-substantive errors or omissions within 30 days. Any motions for reconsideration (not to be directed to the rulings in the Investor Class Opinion or the Fund Derivative Opinion) also are due within 30 days.

| November 3, 2005 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |